*997 OPINION.
Sibfkin :
The sole question raised by this proceeding is whether the respondent erred in excluding from invested capital any value for good will and patents acquired in exchange for capital stock in the year 1910. The evidence discloses that on January 10, 1910, the petitioner issued $500,000 of its common stock for the good will and patents of the Mitchell & Van Meter Co.
In 1917 the books of petitioner showed a value assigned to good will of $60,118.75, and to patents of $121,725. No evidence was submitted as to the number and description of the patents. Two or three of the patents in applications were stated by name, but no evidence was introduced as to their expiration dates. There was testimony that among other assets the petitioner obtained valuable sales connections from the Mitchell & Van Meter Co., and that after acquisition of these assets customers sometimes called for M. and V. M. products. The petitioner continued to mark some of the products with the M. and V. M. Co. name and to advertise them as such. Some of the evidence in the case indicates that the reason for such marking and advertising was partly because changing the cuts and patterns would have been expensive. None of the records of the Mitchell & Van Meter Co. were produced and no evidence was submitted as to the earnings of this company. The only evidence submitted as to the value of the good will and patents acquired concerns subsequent earnings.
We must hold, as we did in Sanitary Company of America, 10 B. T. A. 944, that the respondent’s disallowance of values for patents *998 and good will for invested capital purposes should be approved for the reasons set forth in that case.

Judgment will be entered for the resfondent.